United States District Court
Southern District of Texas
**ENTERED**
September 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA POOLE-WARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-885 |
| | § | |
| | § | |
| AFFILIATES FOR WOMEN'S HEALTH, P.A., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Dr. Rebecca Poole-Ward, worked as an obstetrician and gynecologist for Affiliates for Women's Health, a medical practice in Brazos County, Texas. She alleges that Affiliates denied her reasonable accommodations for her disabilities and eventually terminated her because of discrimination based on her disabilities. Dr. Poole alleged that Affiliates violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and her written employment agreement. She sued under the Act and state contract law. (Docket Entry No.1). Affiliates moved to dismiss in favor of arbitration, Dr. Poole responded, Affiliates replied, and Dr. Poole sur-replied. (Docket Entry Nos. 7, 10, 11, and 13). The court held a hearing at which counsel presented oral argument on the motion to dismiss. The court indicated its belief that the motion should be granted under applicable clear law and that an opinion would issue analyzing the motion and responses in detail.

After the hearing, Dr. Poole filed an unfair labor practices complaint with the National Labor Relations Board. (Docket Entry No. 17, Ex. 1). She then filed a motion to reconsider or stay the execution of the not-yet-issued order dismissing in favor of arbitration, (Docket Entry No. 17),

1

asking the court to rule that the arbitration agreement violates the National Labor Relations Act, 29 U.S.C. § 151 *et seq*. Affiliates filed a response in opposition to that motion, and Dr. Poole filed a reply. (Docket Entry Nos. 17–18).

Based on the filings, arguments, and applicable law, the motion to dismiss in favor of arbitration under the parties' employment agreement is granted. Because the motion to reconsider or stay execution of the order was filed before the court ruled on the motion to compel arbitration, it is denied as moot.

**I.     Background**

This employment disability-discrimination and contract dispute requires the court to consider the intersection of the Federal Arbitration Act and the National Labor Relations Act. In this litigation, Dr. Poole alleged that she has a number of disabilities, including attention-deficit hyperactivity disorder, migraines, and posttraumatic stress disorder due to an assault. Dr. Poole alleged that her disabilities have substantially impaired her capacity to work, sleep, care for herself, and interact with others, and that she has headaches, weight loss, difficulty sleeping, emotional anxiety, paranoia, flashbacks, and fear in certain circumstances. She alleged that she asked for the following accommodations from Affiliates: time off to rest or recuperate from her migraine episodes, to take medication for her disabilities, and to go to doctor's appointments; that one Affiliates employee not wear a wristwatch that was similar to the one worn by Dr. Poole's assailant; that Affiliates employees not discuss the details of Dr. Poole's assault; a reduction in the number of hours she was on call after hours for emergencies; and that Affiliates allow her to switch on-call coverage if she experienced a posttraumatic-stress-disorder event that resulted in the loss of sleep.

Dr. Poole alleged that Affiliates granted some of her requested accommodations but denied others. She alleged that Affiliates ridiculed and questioned her accommodation requests and did not explain, document, or engage in interactive dialogue when it denied her requests. She alleged that her termination for failing to perform her duties was a pretext for terminating her based on disability discrimination. She alleged that Affiliates violated the Americans with Disabilities Act by denying her reasonable accommodations for, and terminating her on the basis of, her disabilities. She also alleged that Affiliates breached their written employment agreement by terminating her.

Dr. Poole's employment agreement contains an arbitration clause. The clause covers, with an exception not relevant here, any "dispute, claim or controversy arising out of or relating to this Agreement, the employment of the Doctor by the Association or the relationships between the Doctor and any member of the Association or its employees . . . pursuant to the Texas Arbitration Act, [TEX. CIV. PRAC. & REM. CODE § 171]." (Docket Entry No. 7, Ex. 1). Dr. Poole does not dispute that the agreement exists or that it encompasses the claims she asserted in the complaint. (Docket Entry No. 10).

In its motion to dismiss and compel arbitration, Affiliates argues that this lawsuit must be dismissed in favor of the arbitration the parties contracted for. (Docket Entry No. 7). Dr. Poole responds that although she signed the employment agreement with a generally enforceable broad arbitration clause encompassing her claims, the arbitration clause is nonetheless unenforceable because it unlawfully interferes with her rights under the National Labor Relations Act. (Docket Entry No. 10). She argues that the arbitration clause is so broad that an employee would reasonably interpret it to prohibit the filing of an unfair labor practices complaint with the National Labor Relations Board. She argues that the Board and Fifth Circuit have held that employers may not

3

maintain or enforce arbitration agreements that violate the Act, and that the "lawfulness of the arbitration term is to be decided independently of Dr. Poole's actions." (Docket Entry No. 17 at p.2). Affiliates responds that Dr. Poole did not raise any claim under the National Labor Relations Act in her original complaint; Dr. Poole was either a supervisor or a professional, not an employee covered by the Act; the arbitration agreement is not a company-wide agreement, which distinguishes it from the agreements discussed in the cases Dr. Poole cited; Dr. Poole presented no authority supporting her claim that the arbitration agreement is invalid as to her; and Dr. Poole filed her National Labor Relations Board complaint too late to make it a basis to refuse arbitration. (Docket Entry No. 18).

The parties' arguments and responses are analyzed under the applicable legal standards.

## II.    The Legal Standards

In Texas, a party asking a court to compel arbitration must show "(1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate." TEX. CIV. PRAC. & REM. CODE § 171.021; *see, e.g.*, *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d. 502, 520 (Tex. 2015). When a contract contains a clause specifying Texas law (as here), but does not exclude the applicability of the Federal Arbitration Act, both the Federal and Texas Arbitration Acts apply. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 338 n.7 (5th Cir. 2004).

Under the Federal Act, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act reflects "a liberal policy favoring arbitration agreements," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011), and places arbitration agreements "upon the same

footing as other contracts," *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 511 (1974)).

Enforcement of an arbitration agreement involves two threshold analytical steps governed by state contract law. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). The first step is contract formation—to determine whether the parties entered into "any arbitration agreement at all." *Id.* While arbitration agreements, like other contracts, may be invalidated by contract defenses like fraud, duress, unconscionability, or waiver, none applies here. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Because of the strong presumption in favor of arbitration, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). It is undisputed that Dr. Poole and Affiliates agreed to arbitrate. The second analytical step is contract interpretation—to determine whether the claim at issue is covered by the arbitration agreement. *Kubala*, 830 F.3d at 201. The Fifth Circuit has "instructed that 'a court is required to enforce a party's commitment to arbitrate his federal statutory claims.'" *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (quoting *Carter*, 362 F.3d at 297). It is undisputed that the claims Dr. Poole asserted in her complaint fall within the arbitration clause. The issue is whether Dr. Poole's recent National Labor Relations Board claim makes the arbitration clause unenforceable.

### III.   Analysis

The Board has broad and exclusive authority to remedy unfair labor practices within its purview. The only unfair labor practice alleged here is that the arbitration clause is so broad that a reasonable employee would believe it precluded her from filing an unfair labor practices complaint

with the Board. Dr. Poole's statutory disability-discrimination and common-law breach-of-contract damages claims can be raised as private causes of action only in court or in arbitration. The Fifth Circuit has held that "there is no private cause of action against employers to prevent and remedy unfair labor practices under the NLRA; enforcement is left, instead, to the Board." *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 360 n.9 (5th Cir. 2013). But when an activity is arguably subject to the National Labor Relations Act, federal courts must defer to the "exclusive competence" of the National Labor Relations Board. *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959).

Dr. Poole relies on *Murphy Oil USA, Inc. v. NLRB*, 808 F.3d 1013, 1019 (5th Cir. 2015), *cert. granted*, 137 S. Ct. 809 (2017), and *D.R. Horton*, 737 F.3d at 363. The issue in those cases was whether a reasonable employee would construe the arbitration agreement as prohibiting her from filing an unfair labor practices complaint with the Board. The arbitration agreements in both cases contained broad language similar to the language in the agreement here. The Fifth Circuit enforced the Board's orders requiring the employers to either rescind or revise the agreements to make clear that they did not bar employees from bringing unfair labor practice claims before the Board. The court reasoned that "[t]he problem is that broad 'any claims' language can create 'the reasonable impression . . . that an employee is waiving not just [her] trial rights, but [her] administrative rights as well.'" *Murphy Oil*, 808 F.3d at 1019 (quoting *D.R. Horton*, 737 F.3d at 363–64). The Fifth Circuit did not address whether the arbitration clauses were unenforceable in a motion to dismiss a lawsuit alleging federal statutory and state common-law damages claims like those Dr. Poole raises here.

Several circuit courts have addressed one aspect of the question the Fifth Circuit did not face, whether a broad, otherwise valid, arbitration clause is unenforceable in litigation because it could mislead an employee to refrain from filing a Board complaint. These cases address whether an arbitration agreement forbidding class arbitration for employment disputes violates the National Labor Relations Act. Four cases addressed this in the context of private litigation, with different results.

In *Morris v. Ernst & Young, LLP* and *Lewis v. Epic Systems Corp.*, the Ninth and Seventh Circuits found that the arbitration agreements were unenforceable because they could mislead employees into refraining from filing Board complaints, holding that the Federal Arbitration Act's saving clause prevented enforcement. *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 987 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017) ("[W]hen an arbitration contract professes to waive a substantive federal right, the saving clause of the FAA prevents the enforcement of that waiver."); *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1155 (7th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017) ("Because the provision at issue is unlawful under Section 7 of the NLRA, it is illegal, and meets the criteria of the FAA's saving clause for nonenforcement.").

In *Sutherland v. Ernst & Young LLP* and *Owen v. Bristol Care, Inc.*, the Second and Eighth Circuits found nothing in the National Labor Relations Act or the Fair Labor Standards Act that would prohibit waiving the statutory right to pursue a collective or class action in arbitration and granted the motion to compel arbitration. *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013) (per curiam) ("[T]he FLSA does not include a 'contrary congressional command' that prevents the underlying arbitration agreement from being enforced by its terms."); *Owen v. Bristol*

*Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) ("[T]he FLSA contains no 'contrary congressional command' as required to override the FAA.").

The present case, in contrast, involves neither a class or collective action, a class- or collective-action waiver, the assertion of claims before the Board that could only proceed in litigation or arbitration, or a Board decision finding that an arbitration agreement violated the National Labor Relations Act and ordering that the language be rescinded or revised as the remedy.

This case is far different from the Fifth Circuit cases Dr. Poole cites as well. In *D.R. Horton*, the employer appealed a National Labor Relations Board decision that class- or collective-action waivers in an arbitration agreement were unlawful under the National Labor Relations Act. *D.R. Horton*, 737 F.3d at 355. In rejecting the Board's position that class- or collective-action waivers in an arbitration agreement made it unenforceable, the Fifth Circuit stated that:

> [t]he NLRA should not be understood to contain a congressional command overriding application of the FAA. The burden is with the party opposing arbitration, . . . and here the Board has not shown that the NLRA's language, legislative history, or purpose support finding the necessary congressional command. Because the Board's interpretation does not fall within the FAA's "saving clause," and because the NLRA does not contain a congressional command exempting the statute from application of the FAA, the [arbitration agreement] must be enforced according to its terms.

*Id.* The Fifth Circuit affirmed the Board's determination that the arbitration clause could be reasonably interpreted as prohibiting an employee from filing a claim with the Board, but the only remedy was to require the employer to take corrective action "to clarify with its employees that the arbitration agreement did not eliminate their rights to pursue claims of unfair labor practices with the Board." *Id.* at 348. The Fifth Circuit did not invalidate the arbitration agreement.

8

*Murphy Oil* similarly held that class-action waivers in an employment arbitration agreement did not make it unenforceable, stating that the employer "did not commit unfair labor practices by requiring employees to sign its arbitration agreement or seeking to enforce its agreement in federal district court." *Murphy Oil*, 808 F.3d at 1015. As in *D.R. Horton*, the court affirmed the Board's decision directing the employer to "clarify language in its arbitration agreement applicable to employees . . . to ensure they underst[ood] that they [were] not barred from filing charges with the Board." *Id.* Neither *D.R. Horton* nor *Murphy Oil* support refusing to compel arbitration of claims subject to an arbitration agreement because the agreement does not specifically exclude an employee's right to file claims with the National Labor Relations Board. The Fifth Circuit rejected this requirement, stating: "We do not hold that an express statement must be made that an employee's right to file Board charges remains intact before an employment arbitration agreement is lawful." *Id.* at 1019.

This case, unlike *D.R. Horton* and *Murphy Oil*, comes to the court on a motion to compel arbitration of federal statutory discrimination and state common-law contract claims that seek damages and that do not involve the Board. The only claim the Board is asked to consider is the challenge to the effect of the arbitration clause on claims Dr. Poole did not assert in her Board complaint. The Board could not consider the claims Dr. Poole asserts in her complaint in this litigation or award the damages Dr. Poole seeks. Invalidating the arbitration agreement would permit a private plaintiff asserting statutory and common-law rights of action for damages, which the Board could not grant, to litigate the type of claims she clearly and validly agreed to arbitrate. To the extent that the arbitration agreement would dissuade a reasonable employee not to file a Board complaint, Dr. Poole's only remedy would be to file a charge with the Board asking it to order

9

Affiliates to revise or rescind the arbitration clause in its employment agreements to make clear that it does not preclude employees from filing unfair labor practices complaints with the Board. The availability of that remedy for the alleged National Labor Relations Act violation does not make this arbitration clause unenforceable on a motion to dismiss in favor of arbitrating damages claims that the Board could not adjudicate.

This case is also distinguishable from the Seventh and Ninth Circuit cases. In *Morris*, 834 F.3d at 975, and *Lewis*, 823 F.3d at 1147, private plaintiffs resisted enforcement of the arbitration agreements in their employment contracts with the defendants because those agreements prohibited class- or collective-action arbitration. The courts refused to compel arbitration on the ground that the National Labor Relations Act provided the right to proceed on a collective basis. Because the arbitration agreements required individual arbitration and prohibited class proceedings, the courts found that the agreements conflicted with the National Labor Relations Act and were unenforceable under the Federal Arbitration Act. Unlike those cases, the arbitration clause here contains no class- or collective-action waiver. As applied to Dr. Poole, it allows her to arbitrate the statutory and common-law damages claims she could not recover on before the Board. There is no contrary congressional command from the National Labor Relations Act to override the mandate of the Federal Arbitration Act in favor of arbitration. *D.R. Horton*, 737 F.3d at 355.

Dr. Poole agreed to arbitrate the claims for damages and the other relief she seeks in court. She pursued the claims in litigation and, only after filing this suit, filed a complaint with the National Labor Relations Board. Dr. Poole is simultaneously seeking to enforce her employment agreement by asserting a breach-of-contract damages claim and to invalidate that agreement's arbitration clause. Dr. Poole has not met her burden of overcoming the strong presumption in favor

of arbitration and of establishing that the arbitration agreement is invalid. The motion to dismiss in favor of arbitration is granted.

**IV.     Conclusion**

Dr. Poole's breach-of-contract and employment-discrimination claims fall within the scope of the broad arbitration clause in the employment agreement she signed. The motion to dismiss in favor of arbitration, (Docket Entry No. 7), is granted. The motion to reconsider or stay execution of the order, (Docket Entry No. 17), is denied as moot. A dismissal order is separately entered.

SIGNED on September 7, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge